# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. DRACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1452 JCH |
| | ) | |
| DEBORAH L. DRACE and | ) | |
| ROBERT J. AMBRUSTER, INC., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent Robert J. Ambruster, Inc.'s Motion to Remand Case to State Court, and Petitioner Robert C. Drace's Motion for Remand, both filed September 28, 2018. (ECF Nos. 5, 7). The motions are fully briefed and ready for disposition.

## BACKGROUND

On or about April 6, 2018, Petitioner filed a Petition to Terminate Trust and Distribute Assets in the Circuit Court of St. Louis County, Missouri, Probate Division, against Respondents Deborah L. Drace ("Respondent Drace") and Robert J. Ambruster, Inc. ("RJA"). Petitioner brought his State court cause of action pursuant to R.S.Mo. §§ 456.2-202.3(3) and (12), 456.4-410 and 456.4-412, seeking to terminate the Indenture of Trust of Jane Ambruster Beard, dated June 27, 1980, as amended (the "JAB Trust"), and to distribute the remaining assets, free of trust, to the sole surviving beneficiaries, Petitioner and Respondent Drace. (ECF No. 2). According to Petitioner, the only known assets of the JAB Trust are (a) a parcel of real estate located in St. Louis County, Missouri (the "St. Louis property"); (b) a parcel of real estate located in Door County, Wisconsin (the "Wisconsin property"); and (c) all outstanding shares of stock of RJA,

currently numbered as thirty (the "Stock"). As relief, Petitioner requested that the State Court

issue its order and judgment as follows:

   a. That the JAB Trust, the Petitioner's u/i/t JAB Trust and the Respondent
      Drace's u/i/t JAB Trust be terminated effective immediately;

   b. That the St. Louis property, as described on the attached Exhibit E, be
      distributed, free of trust, to Petitioner and that Title in and to the St. Louis
      Property be vested in fee simple in Petitioner;

   c. That the [Wisconsin] property, as described on the attached Exhibit F, be
      distributed free of trust to Respondent Drace and that Title in and to the
      Wisconsin Property be vested in fee simple in [Respondent Drace];

   d. That fifty percent (50%) of the Stock of RJA be distributed, free of trust, to
      Petitioner, and that RJA is ordered to issue such shares to Petitioner as are
      necessary to accomplish this Order;

   e. That fifty percent (50%) of the Stock of RJA be distributed, free of trust, to
      Respondent Drace, and RJA is ordered to issue such shares to Respondent
      Drace as are necessary to accomplish this Order; and

   f. That the Court grant such other and further relief as it deems just and
      appropriate.

(*Id.*, PP. 9-10, 11).

While this matter was pending in State court, several events of import transpired. On or

about June 18, 2018, RJA moved for imposition of an equitable lien in aid of execution upon any

distribution from the JAB Trust that may be ordered for the benefit of Respondent Drace.[1] (*See*

RJA's Motion to Remand, att. Exh. I).[2] A preliminary order granting the lien was entered on

July 3, 2018. (*Id.*, att. Exh. H). On June 20, 2018, David M. Duree & Associates, P.C. ("Duree

P.C.") filed a similar motion for imposition of an equitable lien on Respondent Drace's

---

[1] In a separate case, RJA sued Respondent Drace and her spouse for damages for breach of
contract and other wrongful acts. The Circuit Court entered a judgment against the two in the
amount of $135,509.85, and later imposed sanctions in the amount of $35,304.00. RJA's claim
to a lien on the JAB Trust *res* is based upon the two judgments.
[2] The Court may take judicial notice of public records. *See Crooks v. Lynch*, 557 F.3d 846, 848
(8th Cir. 2009) (citing *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005)).

distribution[3], and a preliminary order granting said lien was entered on July 3, 2018. (*Id.*).

Finally, on July 12, 2018, Petitioner moved for imposition of an equitable lien on Respondent

Drace's distribution.[4] (*Id.*). That motion remains pending. (*Id.*).

On August 29, 2018, Respondent Drace removed Petitioner's cause of action to the

United States District Court for the Eastern District of Missouri on the basis of diversity

jurisdiction, 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1). Respondent Drace did so

without the consent of Respondent RJA. The Notice of Removal stated that complete diversity

exists between Petitioner and Respondent Drace[5], and that RJA's citizenship must be disregarded

as it is a nominal party in this action.[6]

As noted above, on September 28, 2018, both RJA and Petitioner filed Motions to

Remand. (ECF Nos. 5, 7). Respondent Drace responded to the motions on October 15, 2018,

claiming the Court should ignore the citizenship of resident Respondent RJA as it is a nominal

party, or alternatively, that it should realign RJA as a Petitioner. (ECF Nos. 12, 13).

## DISCUSSION

"Removal statutes are strictly construed, and any doubts about the propriety of removal

are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East,*

---

[3] Duree P.C. represented Respondent Drace and her spouse for several months, and obtained a judgment against them for legal fees on May 26, 2017. Duree P.C.'s claim to a lien on the JAB Trust *res* is based upon this judgment.

[4] Petitioner, RJA, Respondent Drace and her spouse entered into a partial settlement of all disputes among them in which, *inter alia*, Respondent Drace and her spouse agreed to pay $49,250.00 to Petitioner for his release of all claims to the trust property in Wisconsin. When Respondent Drace and her spouse failed to perform their obligations under the settlement agreement, the Circuit Court entered an Order on May 9, 2017, compelling compliance with the settlement terms, including payment of said amount to Petitioner. Petitioner's claim to a lien on the JAB Trust *res* is based upon the May 9, 2017 Order.

[5] Petitioner is a citizen and resident of the State of Missouri, and Respondent Drace is a citizen and resident of the State of Wisconsin. (*See* Notice of Removal, ¶¶ 12, 13).

[6] RJA is a citizen of the State of Missouri, as it is incorporated in Missouri and maintains its principal place of business in Missouri. (*See* RJA's Motion to Remand, ¶ 6).

*Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed. 2d 753 (1998)).  The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence.  *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action.  28 U.S.C. § 1441(a).  "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[7]  *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).  Actions where jurisdiction is predicated solely on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

As stated above, Respondent Drace asserts that diversity jurisdiction exists because RJA, the only non-diverse party, is a nominal respondent whose presence may be disregarded for purposes of determining the propriety of removal.  *See Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015) (internal quotations and citations omitted) ("Though we generally must look to *all* defendants in assessing diversity and consent to removal, the presence of nominal or formal or unnecessary parties has no controlling significance for removal purposes, and may be ignored in determining whether diversity jurisdiction exists.").[8]  "Nominal

_____

[7] There is no dispute in the instant case that the amount in controversy exceeds $75,000.00.
[8] "In a classic enunciation of this rule, Justice Story wrote for the Supreme Court:  'This Court will not suffer its jurisdiction to be ousted by the mere joinder or non-joinder of formal parties;

defendants are defined as those 'against whom no real relief is sought.'" *State Farm Mut. Auto. Ins. Co. v. Sentry Select Ins. Co.*, 2015 WL 500519, at *2 (E.D. Mo. Feb. 5, 2015) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (internal citation omitted)). "[M]ost lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." *Balling v. Bendickson*, 2012 WL 3715810, at *2 (E.D. Mo. Aug. 27, 2012) (internal quotations and citations omitted).

Respondent Drace asserts RJA is a nominal respondent because its role in this matter is merely one of depositary. In other words, according to Respondent Drace, RJA is not a necessary party, as the only consequence to it from this litigation will be an order directing it to deliver a stock certificate to one party or the other.

The Court's review of the record reveals RJA is more than a nominal defendant in this matter. As noted above, RJA has an equitable lien on Respondent Drace's share of the JAB Trust. RJA thus has an interest in seeing that the proceeds not be delivered to Respondent Drace free of said lien. Furthermore, because Petitioner also possesses an equitable lien, and the priority of said lien claims has not yet been determined, RJA has an interest in the outcome of this litigation as it relates to the declaration of rights and distribution of the assets of the JAB Trust. The Court thus finds RJA's rights will be affected by this litigation, and so RJA is more than a nominal party in this case. *See Sentry*, 2015 WL 500519, at *2.

---

but will rather proceed without them, and decide upon the merits of the case between the parties, *who have the real interests before it,* whenever it can be done without prejudice to the rights of others.'" *Brooks*, 779 F.3d at 544 (quoting *Wormley v. Wormley*, 21 U.S. (8 Wheat.) 421, 451, 5 L.Ed. 651 (1823) (emphasis added)).

Respondent Drace next contends the Court should realign the parties, so that RJA is designated a Petitioner.[9]  Respondent Drace maintains this realignment reflects the parties' true interests, as both Petitioner and RJA want assets from the JAB Trust distributed to Respondent Drace subject to their equitable liens.  "In determining whether to realign a party, the Eighth Circuit applies the test of 'actual and substantial conflict.'"  *McCarthy Bldg. Cos., Inc. v. RSUI Indem. Co.*, 2011 WL 3847401, at *4 (E.D. Mo. Aug. 30, 2011) (quoting *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870-71 (8th Cir. 1996)).  "Under the actual and substantial conflict test, realignment of parties is not required if there is any actual and substantial conflict existing between those parties, regardless of whether it concerns the primary issue in dispute."  *Hartford Accident and Indem. Co. v. Doe Run Resources Corp.*, 2009 WL 1067209, at *2 (E.D. Mo. Apr. 21, 2009) (citation omitted).

Upon consideration, the Court finds an actual and substantial conflict between Petitioner and RJA does exist in this case.  As discussed above, both parties have obtained equitable liens on Respondent Drace's distribution, and the priority of said lien claims has not yet been determined.  RJA thus has a direct property interest in the outcome of this case, and any judgment could be adverse to that interest.  Under these circumstances, realignment of RJA as a petitioner is not required.  *See Sentry*, 2015 WL 500519, at *2.

Having determined both that RJA is not a nominal party, and that its alignment as a respondent in this matter is proper, "complete diversity is lacking and this case should be remanded."  *McCarthy Bldg. Cos.*, 2011 WL 3847401, at *5; *see also Balling*, 2012 WL 3715810, at *4.

---

[9] Should the Court agree to do so, the resident defendant rule would not preclude removal of this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Robert J. Ambruster, Inc.'s Motion to Remand Case to State Court, and Petitioner Robert C. Drace's Motion for Remand (ECF Nos. 5, 7) are **GRANTED**, and this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, Probate Division.  An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this 1st Day of November, 2018.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE